# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. J. M.,                                    :
                    Petitioner               :
                                             :   **CASE SEALED**
            v.                               :   No. 386 M.D. 2017
                                             :
Pennsylvania State Police,                   :
                    Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge


**OPINION BY**
**JUDGE COHN JUBELIRER**                     **FILED:  March 20, 2018**


Before this Court is J.J. M.'s (Petitioner) Petition for Review in the Nature of a Complaint in Mandamus and for Declaratory Relief (Petition) and Petitioner's Application for Summary Relief in the Nature of a Mandatory Preliminary and Permanent Injunction (Application) directing the Pennsylvania State Police (PSP) to remove Petitioner's information from PSP's public website, commonly referred to as the Megan's Law website,[1] publications and documents, and to declare that Petitioner is not subject to registration under the Sex Offender Registration and Notification Act (SORNA).[2]  Also before this Court is PSP's Motion to Dismiss the Petition and Application as moot (Motion to Dismiss), which it filed in lieu of a

---

[1] Section 9799.28 of the Sentencing Code, 42 Pa. C.S. § 9799.28, directs PSP to maintain a public Internet website containing information about individuals convicted, *inter alia*, of a sexually violent offense.

[2] Sections 9799.10 to 9799.41 of the Sentencing Code (SORNA), 42 Pa. C.S. §§ 9799.10-9799.41.

responsive pleading to the Petition, and a Motion to Accept its Motion to Dismiss the Petition and Application as timely.

Petitioner filed the Petition seeking an order directing PSP to remove all references to Petitioner from its records and to destroy any such records already created, and declaring that he is no longer required to register as a sex offender pursuant to SORNA. (Petition ¶ 15, Wherefore Clause.) According to the allegations in the Petition, on February 8, 1999, Petitioner was convicted of indecent assault, incest, and endangering the welfare of children, contrary to, respectively, Sections 3126, 4302, and 4304 of the Crimes Code, 18 Pa. C.S. §§ 3126, 4302, 4304. (*Id.* ¶ 5.) Petitioner completed his prison term and then, on January 8, 2014, he completed his probation. (*Id.* ¶ 6.) As part of his sentence, Petitioner was required to register as a sex offender under then-effective 42 Pa. C.S. §§ 9791-9799.5 (expired), commonly known as Megan's Law I. (*Id.* ¶ 7.) Petitioner's registration period was set to expire, he alleges, in August 2013. (*Id.*) However, on December 20, 2012, SORNA went into effect, and PSP notified Petitioner that it was reclassifying him as a Tier III offender. (*Id.* ¶¶ 8-9.); Section 9799.14(d)(9) of SORNA, 42 Pa. C.S. § 9799.14(d)(9). As a result, Petitioner notes, he is required to register on a quarterly basis for the rest of his life. Sections 9799.15(a)(3) and 9799.25(a)(3) of SORNA, 42 Pa. C.S. §§ 9799.15(a)(3) and 9799.25(a)(3). Petitioner alleges that, based on our Supreme Court's holding in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), retroactively applying SORNA to him violates the Ex Post Facto Clauses of both the United States and Pennsylvania Constitutions.[3]

---

[3] Article I, Section 17 of the Pennsylvania Constitution provides, "No ex post facto law . . . shall be passed." Pa. Const. art. I, § 17. The United States Constitution has two provisions that prohibit ex post facto laws, one, contained in Article I, Section 9, clause 3 of the United States Constitution, U.S. Const. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in

(Petition ¶ 12.) However, notwithstanding *Muniz*, Petitioner alleges, PSP has directed him to appear for his quarterly registration. (*Id.* ¶ 11.) Therefore, Petitioner requests that this Court declare that he is not subject to registration under SORNA and require PSP to remove all references to him from its records and destroy any such records already created.

PSP then applied to stay this proceeding on the basis that, on October 13, 2017, the Commonwealth filed a Petition for Writ of Certiorari (Writ) in *Muniz* with the United States Supreme Court. By order dated December 27, 2017, this Court denied PSP's application to stay this proceeding. On January 22, 2018, the United States Supreme Court denied the Commonwealth's Petition for Writ of Certiorari in *Muniz*.

Thereafter, in lieu of a responsive pleading to the Petition, PSP filed its Motion to Dismiss because PSP had removed Petitioner's information from the Megan's Law website. Attached to PSP's Motion to Dismiss is a letter dated January 26, 2018, informing Petitioner that his information had been removed from the Megan's Law website. PSP also filed with this Court its Motion to Accept its Motion to Dismiss as timely. PSP explains that when it attempted to file its Motion to Dismiss on the date it was due, PACFile was not working. PSP filed its Motion to Dismiss the next business day.[4]

Petitioner opposes PSP's Motion to Dismiss, arguing that this matter is not moot because there is no enforceable declaration stating that he is not required to register as a sex offender. Petitioner asserts that his improper designation as a sex

---

Article I, Section 10, clause 1 of the United States Constitution, U.S. Const. art. I, § 10, cl. 1, which applies to the states.

[4] This Court grants PSP's Motion to Accept its Motion to Dismiss as timely filed and will consider the merits of PSP's Motion to Dismiss.

offender "has national implications because, in every state in which he travels, he will be deemed to have been required to register in Pennsylvania." (Answer to Motion to Dismiss ¶ 3.) Petitioner notes that in PSP's letter of January 26, 2018, PSP itself stated that if Petitioner traveled to, or resided, worked, or attended school in another state, he should contact the agency responsible for registration in that jurisdiction so as to "acquire information that is applicable to your status." (*Id.* ¶ 4 (quoting PSP Letter dated January 26, 2018).) Petitioner requests that in order to avoid an improper construction of the record in this case, this Court enter an order declaring that he is not subject to registration.

In general, a court will not decide a moot question. *Pub. Defender's Office of Venango Cty. v. Venango Cty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006). Rather, there must be an actual controversy at every stage of the judicial process. *Cty. Council of the Cty. of Erie v. Cty. Exec. of the Cty. of Erie*, 600 A.2d 257, 259 (Pa. Cmwlth. 1991). "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770 (Pa. Cmwlth. 2010) (internal quotation marks and citation omitted). Due to an intervening change in the applicable law or the facts of the case, an issue may become moot. *Pub. Defender's Office of Venango Cty.*, 893 A.3d at 1279.

However, even when an issue has been rendered moot, a court may address the merits of the claim "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." *Sierra Club v. Pa. Pub. Util. Comm'n*, 702 A.2d 1131, 1134 (Pa. Cmwlth. 1997) (en banc).

4

Here, the Petition is moot because Petitioner has been removed from the Megan's Law website, just as he requested PSP to do. Nevertheless, the issue here fits within the exception to the mootness doctrine that Petitioner will suffer some detriment without this Court's decision. Petitioner has shown, as indicated by PSP's January 26, 2018 letter, that without a declaration that he is no longer required to register in the Commonwealth as a sex offender, should he travel to another jurisdiction, the agency in that jurisdiction tasked with registering sex offenders may require him to register. *See In re D.A.*, 801 A.2d 614, 616-17 (Pa. Super. 2002) (holding that even though common pleas closed child's dependency case, mother resumed legal custody of child, and child's status as a dependent child was dissolved, mother still suffered a detriment due to the dependency finding as any future allegation regarding the mother's care of child would necessarily encompass consideration of the dependency finding).

On the merits, as PSP effectively concedes, after *Muniz*, retroactively applying SORNA to Petitioner so to require him to register as a sex offender for life, when under Megan's Law I he was subject to only 10 years of registration, violates the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. In *Muniz*, our Supreme Court held that applying SORNA to the defendant there, making him subject to lifetime registration, when, had he not absconded before sentencing, he would have been ordered to register for 10 years under the then-effective Megan's Law III,[5] violated the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1218, 1223. The Commonwealth filed a Petition for Writ of Certiorari in *Muniz* with the United States Supreme Court, but it denied the requested relief. Since there is no argument that

_____

[5] 42 Pa. C.S. § 9795.1 (expired).

this case is distinguishable from *Muniz*, *Muniz* controls. After *Muniz*, to apply SORNA to Petitioner based on a February 1999 conviction would violate the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions.

Accordingly, this Court grants the Petition and Application because, pursuant to *Muniz*, PSP may not enforce SORNA's registration requirements against Petitioner as a result of his February 8, 1999 conviction. We decline to order PSP to remove all references to Petitioner from the Megan's Law website, related publications and documents, or destroy its records referring to him.

                                _____

                                **RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. J. M.,                                    :
                        Petitioner           :
                                             :    **CASE SEALED**
            v.                               :    No. 386 M.D. 2017
                                             :
Pennsylvania State Police,                   :
                        Respondent           :

# O R D E R

**NOW**, March 20, 2018, the Motion of the Pennsylvania State Police (PSP) to accept as timely its Motion to Dismiss the Petition for Review and the Petitioner's Application for Summary Relief is **GRANTED**. PSP's Motion to Dismiss the Petition for Review and the Petitioner's Application for Summary Relief is **DENIED**. The Petition for Review and the Petitioner's Application for Summary Relief are **GRANTED** in part, and PSP shall not enforce the Sex Offender Registration and Notification Act's (SORNA)[1] registration requirements, which the Pennsylvania Supreme Court declared violated the ex post facto clauses of both the United States and Pennsylvania Constitutions in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), against Petitioner as a result of his February 8, 1999 conviction.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[1] Section 9799.10 to 9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41, prior to amendment by the Act of February 21, 2018, P.L. 27, No. 10.