J-S42016-18

2019 PA Super 30

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROCCO ROBERT GRECO | : | |
| | : | |
| Appellant | : | No. 219 MDA 2018 |

Appeal from the PCRA Order Entered January 12, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000608-1986

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

OPINION BY McLAUGHLIN, J.:                        **FILED FEBRUARY 08, 2019**

Rocco Robert Greco, a convicted sex offender, petitioned the trial court to determine whether he was required to register pursuant to the Sex Offender Registration and Notification Act, (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (effective 12/20/2012). The trial court concluded that Greco did not have to comply with SORNA's registration requirements, but nonetheless ordered him to comply with the registration requirements of Megan's Law II.[1] We conclude that the trial court should have treated Greco's petition as a Post Conviction Relief Act[2] petition and denied relief because the petition was untimely. We therefore vacate the order and remand.

The record submitted to this Court contains few details of the factual or procedural background to this case. Nevertheless, the following is clear and is

_____

[1] The court referenced the reporting requirements defined in Megan's Law II, 42 Pa.C.S. §§ 9791 – 9799.9 (expired Dec. 20, 2012).

[2] 42 Pa.C.S.A. §§ 9541 – 9546.

*   Retired Senior Judge assigned to the Superior Court.

sufficient to dispose of this appeal. In May 1986, Greco pleaded guilty to four counts of rape and numerous related crimes, including one count of incest. The victim was his daughter, then 12 to 14 years old. **See Commonwealth v. Greco**, 92 HBG 1991, unpublished memorandum at 2 (Pa.Super. filed Oct. 28, 1991). Greco was sentenced to an aggregate term of 20 to 40 years of incarceration. He lodged an appeal, but we dismissed it as untimely. **Id.** Thereafter, he filed several unsuccessful petitions for collateral relief. **Id.**

In August 2017, Greco filed with the trial court a motion titled, "Motion to Confirm Defendant is Not Required to Register under SORNA." Greco's Mot., 08/10/2017. In this motion, Greco noted that his convictions predated the enactment of SORNA.[3] Citing in support **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), Greco sought confirmation that he was not subject to retroactive application of SORNA's registration provisions.[4] In response, the Commonwealth asserted that the motion was a timely but meritless PCRA petition. **See** Commonwealth's Response, 08/25/2017, at 1.

In January 2018, the lower court examined the motion on the merits. It concluded that, despite **Muniz**, and barring further legislative action, Greco

___

[3] Though we refer to this statute as SORNA, Pennsylvania courts have also referred to it as "Megan's Law IV." **See Commonwealth v. Giannantonio**, 114 A.3d 429, 432 n.1 (Pa.Super. 2015).

[4] It is not apparent from the record whether Greco has been granted parole or whether he is presently subject to registration, though in his brief to this Court, he suggests his parole awaits a home plan approval. **See** Greco's Br. at 3.

remained subject to lifetime registration under Megan's Law II due to his rape conviction. Trial Ct. Order, 01/12/2018.

Greco timely appealed. In a court-ordered Pa.R.A.P. 1925(b) statement, Greco asserted that the court erred in directing his compliance with Megan's Law II because "under SORNA, all prior versions of Megan's Law have expired." Greco's Pa.R.A.P. 1925(b) Statement, 03/01/2018.

In its responsive opinion, the lower court reinterpreted the motion as an untimely PCRA petition. According to the court, Greco failed to establish an exception to the PCRA's one-year time bar, and therefore, the court was precluded from addressing the merits of his claim. **See** Trial Ct. Opinion (TCO), 03/08/2018, at 2-4 (citing in support **Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa.Super. 2018) (concluding that the substantive rule recognized in **Muniz** does not establish a timeliness exception to the PCRA)).

Greco raises the following claim on appeal:

> Whether the [lower] court erred after it held that [Greco] is required to comply with Megan's Law II, where Megan's Law III, which replaced Megan's Law II, was held to be invalid in 2013[,] when Commonwealth v. Derhammer, 173 A.3d 723 (Pa. 2017)[,] held that under SORNA, all previous versions of Megan's Law have expired?

Greco's Br. at 2.

Initially, we consider the nature of Greco's motion. It is well settled that the PCRA has subsumed other post-conviction relief. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013) (citing, *inter alia*, **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998)); 42 Pa.C.S. § 9542.

"Issues that are cognizable under the PCRA must be raised in a timely PCRA petition." **Taylor**, 65 A.3d at 466. Thus, a petitioner may not mislabel his petition in an attempt to circumvent the PCRA's timeliness requirements. **Id.**

In his motion, Greco sought relief from the sex offender registration provisions set forth in SORNA. **See** Greco's Motion. This Court has determined previously that a challenge to retroactive application of Megan's Law does not implicate "the statutory and rule-based requirements governing a PCRA petition." **Commonwealth v. Bundy**, 96 A.3d 390, 394 (Pa.Super. 2014); **see also Commonwealth v. Price**, 876 A.2d 988, 992 (Pa.Super. 2005) (stating that challenge to non-punitive, regulatory "registration, notification, and counseling requirements for offenders under Megan's Law" is not cognizable under the PCRA). Thus, this Court has in the past criticized the analysis of lower courts where they have denied petitions for relief from Megan's Law's registration requirements, on the basis that they were untimely PCRA petitions. **See**, **e.g.**, **Bundy**, 96 A.3d at 394 (rejecting the lower court's conclusion that the appellant's petition was untimely under the PCRA and addressing the merits of the appellant's claim); **Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa.Super. 2014) (rejecting the lower court's PCRA analysis).

Recently, however, our Supreme Court determined that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses. **Muniz**, 164 A.3d at 1193. The punitive nature of these provisions implicates

the legality of a sex offender's sentence. *See Commonwealth v. Butler*, 173 A.3d 1212, 1215 (Pa.Super. 2017) (concluding that a challenge to an appellant's increased registration requirements under SORNA implicated the legality of the sentence imposed). Thus, claims challenging application of SORNA's registration provisions – unlike prior versions of Megan's Law – are properly considered under the PCRA. *Murphy*, 180 A.3d at 405-06 (discussing the impact of *Muniz* on the timeliness of a petitioner's PCRA petition); *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674 (Pa.Super. 2017) (remanding for further proceedings to address the petitioner's timely PCRA claim in light of *Muniz*).

For these reasons, we agree with the lower court that Greco's motion is properly considered a PCRA petition. His invocation of *Muniz* implicates the legality of his sentence, which is an issue cognizable under the PCRA and, therefore, subject to the PCRA's timeliness requirements. *Murphy*, 180 A.3d at 405-06; *Taylor*, 65 A.3d at 466.

We review an order denying relief under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Before addressing the merits of Greco's claim, we must consider its timeliness. Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007).

There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. **See Bennett**, 930 A.2d at 1267.

Greco's motion – *i.e.*, his petition seeking relief available under the PCRA – was untimely.[5] Accordingly, he was required to establish jurisdiction by pleading and proving an exception to the one-year time bar. **See Bennett**, 930 A.2d at 1267. Greco neither pleaded nor proved an exception. **See** Greco's Motion.

Belatedly, Greco attempts to establish on appeal the "new retroactive right" exception of section 9545(b)(1)(iii). **See** Greco's Br. at 5-6. According to Greco, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Id.** (citing **Rivera-Figueroa**, 174 A.3d at 678). However, exceptions to the time bar must be pleaded and proved in the PCRA petition and may not be raised for the first time on appeal. Thus, he has waived this issue. **Bennett**, 930 A.2d at 1267; **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Absent waiver, Greco's assertion of the "new retroactive right" exception is without merit. In **Murphy**, a convicted sex offender untimely petitioned for collateral relief from a sentence imposed in 2009. **Murphy**, 180 A.3d at 404.

---

[5] It is patently untimely. Greco pleaded guilty in May 1986; we dismissed his initial appeal as untimely shortly thereafter, and he withdrew a subsequent *nunc pro tunc* appeal in 1988. **See Commonwealth v. Greco**, 516 HBG 1986 (Pa.Super. entered Sept 23, 1986); 710 HBG 1988 (Pa.Super. entered Nov. 2, 1988); and 711 HBG 1988 (Pa.Super. entered Nov. 2, 1988). Therefore, his judgment of sentence became final 30 years ago. **See** 42 Pa.C.S. § 9545(b)(3).

According to the petitioner, *Muniz* rendered his sentence unconstitutional. *Id.* at 405. Upon review, we stated the following:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). . . . Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v. *]*Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-06. Thus, under circumstances similar to those here, this Court has concluded that the rule recognized in *Muniz* does not establish a timeliness exception to the PCRA. *Id.*

A petition of the sort Greco filed – a post-conviction petition for a declaration that he is not subject to SORNA, filed in the Court of Common Pleas and against the Commonwealth – is subsumed under the PCRA.[6] His motion was therefore properly an untimely PCRA petition. However, he filed his motion more than one year after his judgment of sentence became final and he has failed to establish an exception to the PCRA's timeliness

---

[6] Greco may be able to obtain relief by other means, such as by filing a petition for review in the Commonwealth Court. *See*, *e.g.*, *J.J. M. v. Pa. State Police*, 183 A.3d 1109 (Pa.Cmwlth. 2018) (applying *Muniz* and granting relief).

requirements. *Id.* Accordingly, the lower court was without jurisdiction to entertain the merits of his claim. *Bennett*, 930 A.2d at 1267. We therefore vacate the January 12, 2018 order and remand.[7] *Ragan*, 923 A.2d at 1170.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Strassburger joins the Opinion.

Judge Bowes files a Concurring and Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2019

---

[7] Hereafter, if the Pennsylvania Supreme Court holds that *Muniz* applies retroactively to untimely PCRA petitions, Appellant may file a new petition within 60 days of that decision. *See* 42 Pa.C.S. § 9545(b)(2).