**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES REISSER, JR. | : | |
| | : | |
| Appellant | : | No. 1346 MDA 2018 |

Appeal from the PCRA Order Entered July 23, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003308-2010

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED SEPTEMBER 10, 2019**

Charles Reisser, Jr. appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Reisser's petition is untimely and he fails to satisfy any of the PCRA time-bar exceptions. We therefore affirm.

In April 2011, Reisser pled guilty to one count of sexual assault and two counts of indecent assault.[1] On November 11, 2011, the trial court sentenced Reisser to 60 to 120 months' incarceration followed by seven years' probation. The trial court also found Reisser to be a sexually violent predator ("SVP"). Reisser did not file a direct appeal.

---

\*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3124.1, 3126(a)(7), and 3126(a)(8), respectively.

Reisser filed multiple PCRA petitions, which the PCRA court denied. In August 2017, he filed the instant petition. The PCRA court appointed counsel, who filed an amended petition and a supplemental petition, requesting relief following ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). The Commonwealth filed a response arguing, in part, that the PCRA petition was moot following the enactment of 2018 Pa. Legis. Serv. Act 2018-10 (approved February 21, 2018) ("Act 10").[2] The court ordered the parties to brief the applicability of Act 10, and the parties complied with this order.

In May 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. In July 2018, the court dismissed the petition. Reisser filed a timely notice of appeal.

Reisser raises the following issues:

> I. Did the [PCRA] court err in dismissing and denying [Reisser's] PCRA, as [Reisser] is currently serving an unconstitutional sentence and registration requirement in the wake of Act 10, ***Muniz***, and its progeny?
>
> II. Did the PCRA court err in denying and dismissing [Reisser's] PCRA petition without a hearing when the reasoning of the dismissal was based on the timeliness of the petition and without the Commonwealth motioning to dismiss the petition?
>
> III. Did the PCRA court err in dismissing and denying [Reisser's] PCRA despite the fact that under [***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017), *pet. for allowance of appeal granted*, 190 A.3d 581

---

[2] SORNA was further amended by 2018 Pa. Legis. Serv. Act 2018-29 (approved June 12, 2018) ("Act 29").

(Pa. 2018), his status as a sexually violent predator is unconstitutional?

Reisser's Br. at 6.

We will first address Reisser's first and third claims, which allege he is entitled to PCRA relief following **Muniz** and **Butler** and that Act 10 is unconstitutional.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ligon**, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011)).

A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The trial court sentenced Reisser on November 9, 2011, and he did not file a notice of appeal. His conviction therefore became final on December 9, 2011, 30 days after entry of the judgment of sentence. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). To be timely, Reisser was required to file his PCRA petition by December 9, 2012. **See** 42 Pa.C.S.A. §

9545(b)(1). His current petition, filed in August 2017, is therefore facially untimely.

To overcome the one-year time bar, Reisser bore the burden of pleading and proving one of the three exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that he could not have previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, the petition must have been "filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (amended 2018).[3]

Reisser claims that *Muniz* qualifies under the newly recognized constitutional right found to be retroactive exception to the time-bar. This Court has previously held that *Muniz* does not constitute a newly recognized constitutional right that has been held to apply retroactively, such that a PCRA petitioner can overcome the PCRA time-bar. *See Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa.Super. 2019) (petition cannot rely on *Muniz* to

---

[3] Effective December 24, 2018, the PCRA statute was amended to provide that petitioners must file a claim "within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2). This amendment, however, applies to claims arising on or after December 24, 2017. Reisser, therefore, was required to file his claim within 60 days of the date on which the claim could have been presented.

overcome PCRA time-bar as no court has held that the right applies retroactively to those on collateral review).

Reisser also relies on **Butler**, arguing the court erred in making an SVP designation and his petition is timely based on **Butler**. The Pennsylvania Supreme Court has not found that **Butler** created a new constitutional right that applies retroactively and, therefore, Reisser cannot rely on it to establish an exception to the time-bar.[4]

Reisser also seeks relief based on an allegation that Act 10 is unconstitutional, and claims that it entitles him to relief from the PCRA time-bar. No court has found Act 10 unconstitutional, and therefore Reisser's claims challenging its constitutionality cannot overcome the PCRA time-bar.[5]

Accordingly, Reisser has failed to plead and prove an exception to the time-bar applies. Because his PCRA petition is untimely, and no exception applies, we cannot review the merits of his claim.

Reisser's second claim—that the PCRA court erred in not holding an evidentiary hearing—lacks merit. He claims that a hearing is required because

_____

[4] We also note that **Butler** found that SVP hearings and designations made under SORNA were unconstitutional. **Commonwealth v. Butler**, 173 A.3d 1212, 1218 (Pa.Super. 2017), *pet. for allowance of appeal granted*, 190 A.3d 581 (Pa. 2018). The case did not address SVP determinations made under any prior statutes that required registration of sex offenders.

[5] Reisser may be able to challenge his registration requirements by other means, such as by filing a petition for review in the Commonwealth Court. **See**, **e.g.**, **J.J. M. v. Pa. State Police**, 183 A.3d 1109 (Pa.Cmwlth. 2018) (applying **Muniz** and granting relief).

the Commonwealth did not file a motion to dismiss the petition due to untimeliness.

We review a PCRA court's decision to deny a request for an evidentiary hearing for an abuse of discretion. *Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa.Super. 2019). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* at 328 (quoting *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008)). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* (quoting *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011)) (alternation in original).

Contrary to Reisser's claim, the PCRA court is not required to have a hearing where the Commonwealth did not file a motion to dismiss based on timeliness. Rather, as outlined above, a court must have a hearing only where there is a genuine issue of material fact. Here, there was no genuine issue of material fact as to the timeliness of the petition that, if resolved in Reisser's favor, would have entitled him to relief from the PCRA time-bar. Therefore, the PCRA court did not abuse its discretion in dismissing the petition as untimely without a hearing.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/2019