J-S48009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MARCHETTI | : | |
| | : | |
| Appellant | : | No. 531 EDA 2019 |

Appeal from the Order Entered January 11, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006617-2007

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 10, 2020**

John Marchetti appeals from the January 11, 2019 order denying his petitions to terminate sex offender registration obligation.  After thorough review, we find that the trial court should have treated Appellant's petition as a PCRA petition, and concluded that it was untimely filed.  Thus, we affirm the denial of relief without reaching the merits.

The relevant facts are as follows.  On November 8, 2008, Appellant entered a *nolo contendere* plea to the charge of sexual abuse of children, a third-degree felony.  He was sentenced to two to twenty-three months of incarceration, followed by three years of probation.  Megan's Law II, in effect at the time the offense was committed, required him to register as a sex offender with the Pennsylvania State Police for a period of ten years.  On

_____

* Retired Senior Judge assigned to the Superior Court.

October 29, 2010, the court denied Appellant's post-sentence motion, and he filed a notice of appeal. This Court quashed the appeal as untimely. *Commonwealth v. Marchetti*, 34 A.3d 216 (Pa.Super. 2011) (unpublished memorandum).

The legislature passed the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41 in 2011, which increased Appellant's registration period to fifteen years. A bench warrant issued for Appellant in March 2011 based on his violation of a restraining order. On January 9, 2012, Appellant's probation was revoked following violation hearings on May 10, 2011 and July 19, 2011, and he was re-sentenced to eighteen to thirty-six months of incarceration followed by two years of probation. Appellant timely appealed from his judgment of sentence, and this Court affirmed.[1] *Commonwealth v. Marchetti*, 64 A.3d 273 (Pa.Super. 2013) (unpublished memorandum).

Appellant filed a *pro se* PCRA petition on February 13, 2013, and counsel was appointed. Counsel filed an application to withdraw and a no-merit letter

---

[1] The only issue on direct appeal from the revocation sentence was whether the court erred in admitting testimony from Appellant's probation officer at the *Gagnon II* hearing regarding earlier conduct that had already served as the basis for finding him in violation of his probation at a prior *Gagnon* hearing.

pursuant to **Turner**/**Finley**,[2] in lieu of an amended petition. In his no-merit letter, counsel addressed the issue Appellant wanted to raise.[3] After issuing Pa.R.Crim.P. 907 notice of its intent to dismiss for lack of merit, the court dismissed the petition and permitted counsel to withdraw. Appellant filed a timely *pro se* appeal, which this Court dismissed on October 24, 2014, for failure to file a brief. *Per Curiam* Order, 10/24/14, at 1.

In the meantime, Appellant had finished serving his maximum sentence on March 29, 2014. On July 19, 2017, the Pennsylvania Supreme Court held in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), that SORNA was punitive and could not be retroactively applied. On January 19, 2018, Appellant filed this counseled petition to terminate his sex offender registration obligation. He amended his petition twice following the Legislature's enactment of the Act of February 21, 2018 ("Act 10") and the Act of June 12, 2018 ("Act 29"). Appellant alleged therein that: 1) "the application of SORNA's enhanced registration requirements to him violated Article 1, Sections 10 and 17 of the Pennsylvania Constitution and the

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

[3] Counsel identified and addressed at Appellant's request several issues, including the following: "Assuming Defendant filed a timely PCRA [petition], whether the changes to Pennsylvania's sexual offender law [Act 111 of 2011; Act 91 of 2012], which modified Defendant's responsibilities relative to registration requirements, breached the terms of Defendant's original plea agreement, resulting in a constitutional violation that required the vacating of the imposed sentence?" No-Merit Letter, 11/6/13, at 3.

Defendant's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and parallel provisions of the Pennsylvania Constitution;" and 2) since the statute under which he was originally required to register had expired, "and the Pennsylvania Supreme Court has ruled that the replacement statute, SORNA, cannot apply to [him], there is no law that currently requires [him] to register as a sexual offender." Petition to Terminate Sex Offender Registration Obligation, 1/19/18, at ¶¶10, 11. He asked that either his obligation to register be terminated immediately, or that it terminate after ten years. *Id*. In his first amended petition, he maintained that he could not be required to register for a period in excess of seven years, the maximum allowable sentence. In his second amended petition, Appellant alleged that Acts 10 and 29 could not be lawfully applied to him as the internet registration provisions were as punitive as the provisions in SORNA.

Following a hearing on Appellant's petition on July 30, 2018, the trial court denied relief. Appellant timely appealed and complied with Pa.R.A.P. 1925(b). He presents the following issues for our review:

1. Does the publication on the State Police access website by Act 29, of substantially more personal and identification information about an offender subject to registration, render Act 29 more punitive than the registration statute in effect at the time Appellant committed his crimes?

2. Can Megan's Law II, which was in effect at the time Appellant committed the crimes in the within matter, form the basis of Appellant's obligation to register as a sex offender, as Megan's

- 4 -

Law II expired on December 20, 2012 and was not adopted by SORNA?

3. Does Appellant's period of registration toll when he is actually sentenced to an additional term of confinement for a violation of probation, as opposed to the date on which he was initially incarcerated for the violation?

Appellant's brief at 4.

Preliminarily, we note that this is an appeal from an order denying Appellant's petition to terminate his sex offender registration requirement. Appellant, with the benefit of counsel, did not style his request for relief as a PCRA petition, nor did the trial court treat it as such.

However, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist . . . including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. Thus, any issue that is cognizable under the PCRA generally must be raised in such a petition, and any collateral petition that raises an issue that is cognizable under the PCRA must be treated as a PCRA petition. **Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super. 2001).

In **Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa.Super. 2018), we held that a post-conviction claim that a sentence is illegal due to the retroactive application of a sexual offender registration requirement must be raised in a PCRA petition. Recently, in **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa.Super. 2019), this Court held that Greco's petition seeking a determination whether he was required to register pursuant to

SORNA after *Muniz* had to be treated as a PCRA petition. We relied on *Murphy*, *supra*, for the proposition that a *Muniz* issue implicated legality of sentence, an issue cognizable under the PCRA, and held that the petition was subject to the PCRA's timeliness requirements. The petition was facially untimely. Moreover, as we found in *Murphy*, *Muniz* did not establish a timeliness exception to the PCRA. Thus, we concluded that Greco was not entitled to relief as his petition was untimely.

*Greco* and *Murphy* inform our decision herein. Appellant claims that the provision of Act 29 providing for internet access to increased personal information of sex offender registrants is more punitive than Megan's Law II, and that it cannot be applied retroactively to him. This is a post-conviction claim that his sentence is illegal due to the retroactive application of a sexual offender registration requirement, albeit one imposed by Act 29 rather than SORNA. As we held in *Murphy* and *Greco*, a claim that one's sentence is illegal due to the retroactive application of a sexual offender registration requirement must be raised in a PCRA petition and is subject to the PCRA's timeliness provisions. Appellant's remaining issues regarding Megan's Law II and whether his registration period should have been tolled while he was incarcerated likewise implicate the legality of his sentence. *See* Megan's Law II, 42 Pa.C.S. § 9795.1 (registration period begins upon release from incarceration); *in accord* SORNA, 42 Pa.C.S. § 9799.15(b)(1)(i)(A); *see also*

Act 29, 42 Pa.C.S. § 9799.15(c) (providing for tolling of registration during incarceration).

For these reasons, we find that Appellant's January 19, 2018 petition should have been treated as a PCRA petition. Since the PCRA time limitations implicate our jurisdiction, before we may address the merits of Appellant's issues we must determine whether the petition was timely filed. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). As the instant petition was filed more than one year after the time expired for direct review of his revocation sentence, it is patently untimely. Appellant has not pled nor proved any applicable timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1)(i-iii). Thus, Appellant's petition is untimely, and we lack jurisdiction to reach the merits.[4]

Order affirmed. Jurisdiction relinquished.

_____

[4] We note that the constitutionality of Subchapter I of Act 29 is presently before our High Court in **Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018). Furthermore, in **Commonwealth v. Moore**, __ A.3d. __, 2019 PA Super 320 (Pa.Super. 2019), a direct appeal from judgment of sentence, this Court concluded that the internet dissemination provision of Subchapter I violates the federal *ex post facto* clause, but is severable from the remainder of Subchapter I. In **Commonwealth v. Greco**, 203 A.3d 1124 n.6 (Pa.Super. 2019), we cited **J.J.M. v. Pa. State Police**, 183 A.3d 1109 (Pa.Cmwlth. 2018), as suggesting that it may be possible to challenge sex offender registration requirements by filing a petition for review in the Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/20