# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police Lodge No. 5    :
                                                :
              v.                         :    No. 1251 C.D. 2021
                                                :    ARGUED: November 14, 2022
City of Philadelphia,                    :
                    Appellant       :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: December 28, 2022**

       The City of Philadelphia appeals from an order of the Court of Common Pleas of Philadelphia County granting the Fraternal Order of Police Lodge No. 5's (FOP) motion for judgment on the pleadings and denying the City's cross-motion. At issue is the propriety of Ordinance No. 200364-A, titled Public Hearing Required Prior to Execution of a Labor Agreement with City Workers Represented by the Fraternal Order of Police With Respect to the Workers' Terms and Conditions of Employment (Ordinance), passed by City Council in 2020. For the reasons that follow, we reverse.

       The relevant background of this matter is as follows. FOP is the exclusive bargaining agent for uniformed non-managerial employees of the Philadelphia Police Department (Department). The City is a home rule municipality

and a city of the first class.[1]  Pursuant to what is commonly referred to as Act 111,[2] the City is a public employer obligated to negotiate with FOP with respect to the terms and conditions of employment of its bargaining unit members.  *See* Section 1 of Act 111, 43 P.S. § 217.1.  Of particular note here, Act 111 requires the City and FOP to exchange bargaining proposals no later than six months before the fiscal year ends, which for the City is June 30th.  Section 3 of Act 111, 43 P.S. § 217.3; Original Record (O.R.) at 1737.  As such, it is the parties' practice to exchange proposals regarding what they wish to bargain no later than December 31st of the year before expiration of the contract.  O.R. at 1738.  FOP typically declares impasse after 30 days and the parties then select the interest arbitration panel.  *Id.*; *see also* Sections 3 & 4 of Act 111, 43 P.S. §§ 217.3 & 217.4.

The Department is an extremely large operation, with personnel spending equating to roughly 14.72% of the City's entire budget, and overtime in excess of $53 million in 2020 alone.  City Council members reportedly received approximately 30,000 emails from constituents calling for more transparency from and accountability for the Department.  For these reasons, City Council passed the Ordinance on September 17, 2020, which amends Title 17 of The Philadelphia Code of General Ordinances, titled "Contracts and Procurement," by adding a new Chapter 17-2300.  The key provisions[3] of the Ordinance state:

---

[1] *See* Pa. Const. art. IX, § 2; First Class City Home Rule Act, Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101 - 13157.

[2] Policemen and Firemen Collective Bargaining Act, Act of June 24, 1968, P.L. 237, No. 111, *as amended*, 43 P.S. §§ 217.1 - 217.12 (Act 111).

[3] The legislative findings portion of the Ordinance also notes: "The City has a financial interest in ensuring the fairness and transparency in the approval process for contracting with the labor union representing the uniformed workers of the [] Department."  Reproduced Record (R.R.) at 31a; Phila., Pa., The Phila. Code (Code) § 17-2301 (2020).

(1) The City shall not send a proposal to [] FOP to enter into or amend a Contract as defined herein, unless the Mayor has requested, by letter provided to the Chief Clerk of Council, and City Council has held, a public hearing addressing the Contract proposal, including but not limited to, the cost of the Contract proposal and any other terms or conditions set forth therein, at least thirty days before sending the proposal, unless the Council President certifies to the Office of Labor that Council is unavailable for a 30[-]day period from the time of receiving the Mayor's request for a hearing to do so. No further hearing shall be required on a revised proposal made after such a hearing. Nothing herein shall be construed to require Council approval of the Contract for it to be binding and effective.

. . . .

(3) Prior notice of the Public Hearing shall be required and the hearings must allow for the public to attend and comment on the terms of the Contract presented by the Administration representative.

Reproduced Record (R.R.) at 32a; Phila., Pa., The Phila. Code (Code) § 17-2303(1) & (3) (2020).[4] Mayor James Kenney signed the Ordinance into law on September 30, 2020, noting the importance of "repairing the broken trust between public [] servants, specifically police, and the people they serve." R.R. at 57a.

In October 2020, FOP filed a declaratory judgment action in the trial court arguing that the Ordinance is invalid because it: is preempted by Act 111; violates the First Class City Home Rule Act; and constitutes special legislation in

---

[4] Notably, the initial version of the Ordinance required that the hearing occur 30 days prior to finalization of the ultimate contract, which would mean during the collective bargaining process itself. After receiving feedback from FOP, City Council amended the Ordinance to its current form, requiring the hearing to occur 30 days before the City submits its proposal to FOP, meaning during the *pre*-bargaining process. *See* R.R. at 48a.

violation of Article III, Section 32 of the Pennsylvania Constitution.[5] FOP also requested attorneys' fees and costs incurred in prosecuting the action. In response, the City filed preliminary objections[6] which the trial court overruled, and the City then filed an answer with new matter.

While FOP's declaratory judgment action was pending, several notable things occurred. First, in advance of Act 111's December 31st deadline and pursuant to the Ordinance, a public hearing on the City's proposal was conducted on November 18, 2020. O.R. at 701, 1741. The City then sent its bargaining proposal to FOP on December 30, 2020, the parties proceeded to interest arbitration, and a collective bargaining agreement was finalized. *Id.*

The parties subsequently filed cross-motions for judgment on the pleadings. The City asserted the following arguments in its motion: Act 111 does not preempt the field of collective bargaining and, even if it did, Act 111 does not preempt local legislation regulating how a public employer's contract proposals are created; the Ordinance does not pose an irreconcilable conflict with Act 111 or the First Class City Home Rule Act; FOP's constitutional claim fails because Article III, Section 32 does not apply to municipal ordinances and, even if it did, the Ordinance does not violate this constitutional provision; FOP has not been harmed by the Ordinance and therefore lacks standing to bring this action; the matter is not and never was ripe for judicial review; and the matter is moot given that a public hearing was held on the City's proposal and the parties have a new collective bargaining agreement.

---

[5] "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law . . . ." Pa. Const. art. III, § 32.

[6] The City's preliminary objections were based on grounds of legal insufficiency, lack of standing, and ripeness (arguing the alleged harm was not ripe). *See* O.R. at 28-42.

4

Following argument, the trial court issued its order granting FOP's motion for judgment on the pleadings and denying the City's cross-motion, finding that the Ordinance is preempted by Act 111.[7] In its Pa.R.A.P. 1925(a) opinion, the trial court explained that Act 111 occupies the field of collective bargaining for police officers and firefighters throughout the Commonwealth. In particular, Section 3 of Act 111 delineates the timeline considered and created by the legislature for when the collective bargaining process is to begin, stating: "Collective bargaining **shall begin** at least six months before the start of the fiscal year of the political subdivision . . . ." 43 P.S. § 217.3 (emphasis added). The Ordinance requires the Mayor to hold a public hearing before the City's collective bargaining proposal can

---

[7] As this Court has explained:

> A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. In reviewing [a] trial court's decision to grant judgment on [the] pleadings, the [standard] of review of [an] appellate court is plenary; [the] reviewing court must determine if the action of [the] trial court was based on clear error of law or whether there were facts disclosed by pleadings which should properly go to [a] jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences.
>
> In conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. Only when the moving party's case is so clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Newberry Twp. v. Stambaugh*, 848 A.2d 173, 174 n.1 (Pa. Cmwlth. 2004) (internal citations omitted).

be sent to FOP, "stepping into the realm of the procedural timeline that the General Assembly has made clear that it occupies and an area that has been explicitly defined when examining [Act 111] in its entirety. In requiring a meeting occur *before* a proposal can be sent to [] FOP, the [] Ordinance plainly intrudes on the field occupied by Act 111." Trial Ct. Opinion at 5 (emphasis in original). The trial court found the City's reliance on *Nutter v. Dougherty*, 938 A.2d 401 (Pa. 2007) (*Nutter II*), to be misplaced as that case involved a situation where the legislature was silent on the particular issue that the local ordinance intended to regulate. Further, the trial court determined that FOP alleged sufficient facts demonstrating that it had a substantial, direct, and immediate interest in the outcome of the litigation and was aggrieved by passage of the Ordinance because it specifically targets and adds a condition to FOP's bargaining rights with the City. The trial court dismissed, as baseless, the City's argument that the matter was not ripe, and held that the matter meets an exception to the mootness doctrine because it is capable of repetition yet likely to evade appellate review. This appeal followed.

On appeal, the City essentially raises two issues: (1) the trial court erred in concluding that the Ordinance is preempted by/irreconcilable with Act 111; and (2) the trial court erred in concluding that the matter meets the exception to the mootness doctrine for issues capable of repetition and likely to evade review.

We begin with the second issue, that of mootness, as it is dispositive. "In general, a court will not decide a moot question" and "there must be an actual controversy at every stage of the judicial process." *J.J. M. v. Pa. State Police*, 183 A.3d 1109, 1112 (Pa. Cmwlth. 2018). As this Court has explained, "[a] case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Id.* [quoting *Chruby v. Dep't of Corr.*,

6

4 A.3d 764, 770 (Pa. Cmwlth. 2010)]; *see also Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009) (courts will not decide moot questions as we "do not render decisions in the abstract or offer purely advisory opinions"). Moreover, "[m]ootness problems arise in cases involving litigants who clearly had one or more justiciable matters at the outset of the litigation, but events or changes in the facts or the law occur which allegedly deprive the litigant of the necessary stake in the outcome after the suit is underway." *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012) (citing *Chruby*, 4 A.3d at 771).

The fact that this is a declaratory judgment action does not change our analysis. A request for declaratory relief, the purpose of which is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," 42 Pa.C.S. § 7541, also requires the presence of an actual case or controversy. *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019) (*en banc*). As our Supreme Court has explained:

> Only where there is a real controversy may a party obtain a declaratory judgment.
>
> A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Gulnac v. S. Butler Cnty. Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991) (citations omitted).

Here, we agree with the City that this case is technically moot because there has been a change in the intervening facts such that there is no longer an actual case or controversy. More specifically, FOP already received the remedy it

7

ultimately seeks as the City complied with Act 111 by submitting its bargaining proposal in a timely fashion, and the parties have a new collective bargaining agreement in place. Since the deadlines for complying with both the Ordinance and Act 111 have passed, the underlying issue will not present itself again, *if ever*, until the next collective bargaining cycle begins. As such, a determination on the merits would have no practical effect on the parties or the case, and would be purely advisory. *See J.J. M.*, 183 A.3d at 1112. Given these undisputed facts, in particular what occurred after FOP initiated its declaratory judgment action, this matter is technically moot. *See Gulnac*, 587 A.2d at 701 ("The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment.").

However, even where an appeal is technically moot, "exceptions are made when [] the conduct complained of [(1)] is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Notebook*, 49 A.3d at 448-49 [quoting *Cytemp Specialty Steel Div. v. Pa. Pub. Util. Comm'n*, 563 A.2d 593, 596 (Pa. Cmwlth. 1989)]. An issue is capable of repetition but likely to evade review where "the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration" and "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Notebook*, 49 A.3d at 449 [citing *Com. v. Buehl*, 462 A.2d 1316, 1319 (Pa. Super. 1983)].

Contrary to the trial court's determination, neither element of the capable of repetition but likely to evade review exception is met here. First, as the parties note, this matter raises a purely legal issue with no material facts in dispute;

8

as such, it is not likely that the case or controversy would expire before it can be fully litigated *if* the same situation was to present itself again. The reason the present action was not fully resolved before the collective bargaining process began, and the relevant deadlines passed, was because the Ordinance was enacted shortly before the process was due to start. Such a shortened timeframe would not be present in a future challenge.

Further, we cannot say that there is a reasonable expectation that FOP will be subject to the same action when the next collective bargaining process begins more than a year from now. There may be intervening changes in the composition of City Council and there certainly will be a new Mayor, which could result in a different interpretation of the Ordinance or a change in the City's approach to collective bargaining. The Ordinance could be amended to add or remove provisions obviating any alleged conflict with Act 111, or repealed altogether. In short, any number of factors could vary or shift in the intervening time period such that we cannot say that FOP will necessarily be subjected to the same action in the future. It also bears repeating that the City fully and timely complied here with both the Ordinance and its obligations under Act 111, and there is nothing in the record indicating a likelihood that the City will fail to meet its deadline for submitting Act 111 proposals to FOP in the future. Without the presence of antagonistic claims between the parties, and absent a clear manifestation that the declaration sought would be of practical help in ending the underlying controversy, there was no basis for the trial court to issue a declaratory judgment. *See Gulnac*. Any declaratory judgment rendered on this particular question effectively amounts to a "determin[ation of] rights in anticipation of events which may never occur" or "a

9

medium for the rendition of an advisory opinion which may prove to be purely academic." *Gulnac*, 587 A.2d at 701.

As such, we conclude that the matter is moot, the capable of repetition yet evading review exception does not apply, and the trial court erred in holding otherwise. *See Com. v. Packer Twp.*, 60 A.3d 189, 193 (Pa. Cmwlth. 2012) ("exceptions to the mootness doctrine are only invoked where exceptional circumstances exist"). Accordingly, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Dumas did not participate in the decision for this case.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Fraternal Order of Police Lodge No. 5    :
                                                             :

                        v.                  :    No. 1251 C.D. 2021

                                                             :

City of Philadelphia,                :

                          Appellant      :

# O R D E R

AND NOW, this 28th day of December, 2022, the order of the Court of Common Pleas of Philadelphia County is hereby REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita