**COMMONWEALTH of Pennsylvania, Office of Attorney General, by Linda L. Kelly, Attorney General, Petitioner**

v.

**PACKER TOWNSHIP and Packer Township Board of Supervisors, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Dec. 17, 2012.

Publication Ordered Feb. 6, 2013.

---

Susan L. Bucknum, Senior Deputy Attorney General, Harrisburg, for petitioner.

Thomas A. Linzey, Mercersburg, for respondents.

BEFORE: FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Before this court is the "application to dismiss for mootness and want of jurisdiction" filed by Packer Township and Packer Township Board of Supervisors (Supervisors) (together, Township) and the "application to address the respondents' rescission of the Packer Township sewage sludge ordinance" filed by the Commonwealth of Pennsylvania, Office of Attorney General, by Linda L. Kelly, Attorney General (Attorney General). We grant the application filed by the Township and deny the application filed by the Attorney General.

On June 11, 2008, the Township enacted Ordinance Number 08–003, entitled "Packer Township Local Control, Sewage Sludge and Chemical Trespass Ordinance" (Ordinance). The Ordinance prohibits the land

application of sewage sludge by corporations and regulates the land application of sludge by individuals within the Township.

Clyde Hinkle owns and operates a 100–acre dairy and crop farm in the Township. The Department of Environmental Protection approved the application of Class A biosolids to fertilize Hinkle's farm. After enactment of the Ordinance, Hinkle requested the Attorney General to review the Ordinance pursuant to section 314(a) of the Agricultural Code (ACRE), 3 Pa.C.S. § 314(a), to determine whether the Ordinance was "unauthorized." [1]

The Attorney General concluded that the Ordinance was an "unauthorized local ordinance" under ACRE.[2] On August 18, 2009, the Attorney General filed a petition for review in the nature of a complaint for declaratory judgment and injunctive relief against the Township in this court's original jurisdiction pursuant to section 315(a) of ACRE, 3 Pa.C.S. § 315(a).[3] The Attorney General maintains that the Solid Waste Management Act[4] (SWMA) and the act commonly referred to as the Nutrient Management Act[5] (NMA) establish uniform statewide standards regulating the application of sewage sludge to land, and preclude the Ordinance's inconsistent regulation of these activities. Further, the Attorney General contends that the Ordinance interferes with normal agricultural operations and is an unauthorized local ordinance under ACRE.

In response to the petition for review, the Township filed preliminary objections, which this court overruled. Thereafter, the Township filed an answer and an amended answer.

The Attorney General filed an application for summary relief. This court granted the Attorney General's request for summary relief with respect to that portion of the Ordinance which declared that the Attorney General did not have the authority to enforce ACRE in the Township. This court denied summary relief on the remaining issues.

After discovery, the Township filed a motion for summary judgment or partial summary judgment. On July 12, 2012, this court denied the motion for summary judgment in its entirety. *Commonwealth v. Packer Township*, 49 A.3d 495, 501 (Pa. Cmwlth.2012). Following a conferencing schedule, this court issued orders scheduling motions in limine and set a trial date for January 28, 2013.

Thereafter, on August 7, 2012, the Supervisors voted to advertise their intent to

---

1. Section 314(a) of ACRE provides that "[a]n owner or operator of a normal agricultural operation may request the Attorney General to review a local ordinance believed to be an unauthorized local ordinance and to consider whether to bring legal action under 315(a) (relating to right of action)." 3 Pa.C.S. § 314(a).

2. Section 312 of ACRE defines an "unauthorized local ordinance" as an ordinance that does one of the following:
   (1) Prohibits or limits a normal agricultural operation unless the local government unit:
   (i) has expressed or implied authority under State law to adopt the ordinance; and
   (ii) is not prohibited or preempted under State law from adopting the ordinance.

3 Pa.C.S. § 312.
   (2) Restricts or limits the ownership structure of a normal agricultural operation.

3. Section 315(a) of ACRE authorizes the Attorney General to "bring an action against the local government unit in Commonwealth Court to invalidate the unauthorized local ordinance or enjoin the enforcement of the unauthorized local ordinance." 3 Pa.C.S. § 315(a).

4. Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101–6018.1003.

5. Chapter 5 of ACRE, 3 Pa.C.S. §§ 501–522.

repeal the Ordinance and such advertisement subsequently appeared in the local newspaper. On September 4, 2012, the Supervisors repealed the Ordinance.

■ On September 6, 2012, the Attorney General filed an application to address the Township's rescission of the Ordinance. The application requests this court to issue an order upholding the current scheduling order for motions in limine and trial, or, in the alternative, to stay the proceedings for six months. On September 10, 2012, the Township filed an application to dismiss for mootness and for want of jurisdiction pursuant to Pa. R.A.P. 1972. The Township maintains that due to the repeal of the challenged Ordinance, the original action filed by the Attorney General is moot.

■ Initially, we observe that "[t]he mootness doctrine requires that 'an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Pap's A.M. v. City of Erie*, 571 Pa. 375, 389, 812 A.2d 591, 600 (2002) (citation omitted). As stated in *In re Gross*, 476 Pa. 203, 209, 382 A.2d 116, 119 (1978) (citation omitted):

> "The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome."

As acknowledged by the Attorney General, because the Ordinance that it challenged has since been repealed, the petition for review filed by the Attorney General is moot.[6]

Although the petition for review is technically moot, the Attorney General asserts that the Township is actively considering the enactment of an ordinance to replace the rescinded Ordinance, thereby continuing to regulate the land application of biosolids in the Township. The Attorney General references comments made by the Supervisors' Chairman, William Swineberg, to the *Hazelton Standard Speaker* newspaper, wherein he stated that the "supervisors have decided, on the advice of attorneys from the Community Environmental Legal Defense Fund (CELDF), to revoke the existing ordinance and prepare to adopt a stronger version of the law." (Attorney General's Br., Ex. A at 2.) Swineberg further explained why the Ordinance was rescinded:

> "It's going to court in January and there is no way we are going to win this," Swineberg said. "But we are going to pass another one." Swineberg said the township cannot afford the anticipated cost of expert witness testimony in court, which could range from $60,000 to $80,000. Rather than expend a great deal of the township's limited resources on a costly court battle, Swineberg said the board has received two new versions of a similar ordinance to consider for adoption.... "We're going to review them both and decide which one to adopt."

*Id.* Because the Township contemplates adoption of another ordinance, the Attorney General argues that the circumstances in this case fall within two separate exceptions to the mootness doctrine.

■ One exception is the doctrine of "capable of repetition yet evading review." *Public Defender's Office of Venango County v. Venango County Court of Common Pleas*, 586 Pa. 317, 325, 893 A.2d 1275, 1280 (2006). The Attorney General argues

---

**6.** "The rescission of the Packer Township Sewage Sludge Ordinance technically renders the Attorney General's Petition for Review Moot." (Attorney General's Application, ¶ 9.)

that this case falls squarely within this exception because the Township can again enact an ordinance regulating the land application of biosolids in violation of state law, but then repeal the ordinance prior to a court's final judgment or a trial and, thus, perpetually escape review.

■ Another exception is where "the case involves issues important to the public interest." *Chruby v. Department of Corrections*, 4 A.3d 764, 771 (Pa.Cmwlth.2010). The Attorney General maintains that she challenges the Township's authority to regulate land application of biosolids pursuant to her authority under ACRE. The purpose of ACRE is to protect farmers from unauthorized local regulation. Further, when the Attorney General carries out her statutory duties under ACRE, she acts on behalf of the entire public. The Attorney General also claims that she has had at least five ACRE cases involving a municipality attempting to regulate the land application of biosolids and, to date, she has not obtained a final judgment from this court as to whether land application of biosolids is a normal agricultural action.

In *Strax v. Department of Transportation, Bureau of Driver Licensing*, 138 Pa. Cmwlth. 368, 588 A.2d 87, 90 (1991), this court stated that exceptions to the mootness doctrine are only invoked where exceptional circumstances exist. We conclude that no exceptional circumstances exist in this case and that neither exception to the mootness doctrine is applicable.

The Ordinance, challenged by the Attorney General, has been repealed. This court cannot review a non-existent ordinance. The Supervisors may, or may not, decide to adopt an ordinance in the future and it is unknown what such an ordinance might state. As such, this proceeding "does not present a necessarily recurring question." *Gross*, 476 Pa. at 216, 382 A.2d at 123. Therefore, we cannot conclude

that this is an issue capable of replication yet escaping judicial review.

■ Additionally, appellate courts have infrequently invoked the public importance exception to the mootness doctrine. *Id.* at 215, 382 A.2d at 122. In *Gross*, the Supreme Court stated that "[i]n view of the new comprehensive statutory scheme, there is no longer a need to assess the validity of the former scheme. Thus, we hold that the instant appeal does not fall within the great public importance exception to the mootness doctrine." *Id.* at 215, 382 A.2d at 123 (footnote omitted). Similarly, in this case, because the Ordnance is no longer in effect, there is no need to assess its validity.

Here, the law that bestows authority on the Attorney General to initially commence the action and vests this court with jurisdiction to hear the case is found at section 315(a) of ACRE, 3 Pa.C.S. § 315(a), which states that "[t]he Attorney General may bring an action against the local government unit in Commonwealth Court to invalidate the unauthorized local ordinance or enjoin the enforcement of the unauthorized local ordinance." Because the Ordinance has been repealed, there is no longer an ordinance against which a claim of being "unauthorized" can be brought. Absent an ordinance in effect, the Attorney General does not have the authority to continue this action, and this court does not have jurisdiction.

Accordingly, we deny the application to address the rescission of the Township's Ordinance filed by the Attorney General. We grant the application to dismiss for mootness and want of jurisdiction filed by the Township.

### ORDER

AND NOW, this 17th day of December, 2012, we deny the application to address

Packer Township's and Packer Township Board of Supervisors' rescission of the Packer Township sewage sludge ordinance filed by the Commonwealth of Pennsylvania, Office of Attorney General, by Linda L. Kelly, Attorney General. We grant the application to dismiss for mootness and want of jurisdiction filed by Packer Township and Packer Township Board of Supervisors.