# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.M., individually and on behalf of : 
minor child M.M., B.C., individually : 
and on behalf of his minor child : 
D.R.B.C., C.A., individually and on : 
behalf of minor child F.J.A., K.Y., : 
individually and on behalf of Minor : 
children B.Y. and R.Y., A.H., : 
individually and on behalf of minor : 
child A.P.T., S.T., individually and on : 
behalf of minor child A.M.T., N.J., : 
individually and on behalf of minor : 
children J.J. and J.K., M.L, : 
individually and on behalf of minor : 
children C.L., K.L.L., P.J.L., E.M., : 
individually and on behalf of minor : 
children L.M., L.M., Q.M. and F.M., : 
              Petitioners : 
               : 
        v. : 
               : 
Secretary of the Pennsylvania : 
Department of Education Noe : 
Ortega, Pennsbury School District, : 
Fox Chapel Area School District, : 
Stroudsburg Area School District, : 
Parkland School District, Carlynton : 
School District and Seneca Valley : 
School District, : No. 49 M.D. 2022
              Respondents : Argued:  October 11, 2022


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  December 1, 2022

This case concerns the Petition for Review in the Nature of a Complaint for Declaratory Relief (Petition for Review) filed by nine petitioners, individually and on behalf of their minor children (collectively, Petitioners[1]), against the Secretary of the Pennsylvania Department of Education Noe Ortega (Secretary Ortega), Pennsbury School District, Fox Chapel Area School District, Stroudsburg Area School District, Parkland School District, Carlynton School District, and Seneca Valley School District (collectively with one another, School District Respondents; collectively with Secretary Ortega, Respondents).  The Petition for Review seeks declarations from this Court stating:  (1) that Secretary Ortega misinterpreted the law in two emails advising the School District Respondents that, following this Court's determination, and our Supreme Court's affirmance, in *Corman v. Acting Secretary of Pennsylvania Department of Health*, 267 A.3d 561 (Pa. Cmwlth.) (*Corman I*), *affirmed*, 268 A.3d 1080 (Pa. 2021),[2] the School District Respondents retained the authority to require students, staff, and members of the

---

[1] Specifically, Petitioners and the minor children they represent, all of whom are identified only by initials in this matter, are:  R.M., individually and on behalf of minor child M.M.; B.C., individually and on behalf of minor child D.R.B.C.; C.A., individually and on behalf of minor child F.J.A.; K.Y., individually and on behalf of minor children B.Y. and R.Y.; A.H., individually and on behalf of minor child A.P.T.; S.T., individually and on behalf of minor child A.M.T., N.J., individually and on behalf of minor children J.J. and J.K.; M.L., individually and on behalf of minor children C.L., K.L.L., P.J.L.; and E.M., individually and on behalf of minor children L.M., L.M., Q.M., and F.M.

[2] Our Supreme Court issued an order affirming *Corman I* on December 10, 2021, and thereafter issued a full opinion on the matter on December 23, 2021.  *See Corman v. Acting Sec'y of Pa. Dep't of Health*, 268 A.3d 1080 (Pa. 2021); *see also Corman v. Acting Sec'y of Pa. Dep't of Health*, 266 A.3d 452, 455 (Pa. 2021) (*Corman II*).

general public to wear facemasks inside schools within their respective districts; and (2) that the School District Respondents lack legal authority to require students, staff, and members of the general public to wear facemasks inside schools in their respective districts. *See generally* Petition for Review.

Before the Court currently are the Petitioners' Application for Summary Relief, and Respondents' Answers thereto; Secretary Ortega's Application for Summary Relief in the Form of a Motion to Dismiss the Petition for Review (Secretary Ortega's Motion to Dismiss), and Petitioners' Answer thereto; Parkland School District's Application for Relief in the Form of a Motion to Dismiss the Petition for Review (Parkside's Motion to Dismiss), and Petitioners' Answer thereto; and the Preliminary Objections to the Petition for Review filed on behalf of each of the individual Respondents,[3] and Petitioners' Answers thereto.

## I. *Background and Procedural Posture*

By way of brief background,[4] in early March 2020, in response to the appearance of the novel coronavirus SARS-CoV-2 (COVID-19), Pennsylvania Governor Tom Wolf issued a Proclamation of Disaster Emergency (Disaster Proclamation) under Section 7301(c) of the Emergency Management Services Code

---

[3] Secretary Ortega, Pennsbury School District, Stroudsburg School District, Parkland School District, and Seneca Valley School District each filed Preliminary Objections on their own behalf. Fox Chapel Area School District and Carlynton School District jointly filed their Preliminary Objections.

[4] An in-depth discussion of pertinent events occurring between Governor Tom Wolf's March 6, 2020 Proclamation of Disaster Emergency and this Court's determination in *Corman I* can be found both in that decision and our Supreme Court's opinion affirming the same. *See Corman I*, 267 A.3d at 567-70; *see also Corman II*, 266 A.3d at 455-61.

3

(Emergency Code),[5] 35 Pa.C.S. § 7301(c), that authorized numerous orders thereafter promulgated by the Governor's Office designed to mitigate the spread of COVID-19. After the initial Disaster Proclamation, Governor Wolf issued five amendments renewing the Disaster Proclamation for additional 90-day periods. In May of 2021, Pennsylvania voters approved two amendments to the Pennsylvania Constitution. The first amendment constrained the Governor's power under the Emergency Code by limiting the duration of declared gubernatorial disaster emergencies.[6] The second amendment provided a mechanism whereby the General Assembly could otherwise terminate (or extend) a gubernatorial disaster emergency, or portion thereof, by a simple majority vote.[7] Thereafter, on June 10, 2021, the General Assembly approved a concurrent resolution that terminated the Disaster Proclamation.

Governor Wolf did not issue a new proclamation of disaster emergency after the General Assembly terminated the Disaster Proclamation. Instead, on August 30, 2021, the Commonwealth's Acting Secretary of Health issued a statewide order that imposed an open-ended general masking requirement on all teachers, students, staff, and visitors within Pennsylvania's schools, regardless of vaccination status, with certain exceptions (Acting Secretary's Masking Order). On September 3, 2021, a petition challenging the Acting Secretary's Masking Order was filed in this Court's original jurisdiction (Challenge Petition). On November 8, 2021, Governor Wolf announced that the Acting Secretary's Masking Order would expire on January 17, 2022, thereby leaving the determination of whether to

---

[5] 35 Pa.C.S. §§ 7101-79A33.

[6] *See* section 20 of article IV of the Pennsylvania Constitution, Pa. Const. art. IV, § 20.

[7] *See* section 9 of article III of the Pennsylvania Constitution, Pa. Const. art. III, § 9.

4

implement masking requirements up to local school leaders. *See Corman v. Acting Sec'y of Pa. Dep't of Health*, 266 A.3d 452, 461 (Pa. 2021) (*Corman II*). Two days later, on November 10, 2021, this Court granted the Challenge Petition, finding the Acting Secretary's Masking Order void *ab initio* due to the Acting Secretary of Health's failure to comply with the requirements of the Commonwealth Documents Law[8] and the Regulatory Review Act.[9] *See Corman I*. Our Supreme Court affirmed this Court's decision by order dated December 10, 2021.[10] *See Corman II*.

On November 10, 2021, the day this Court issued its determination in *Corman I*, Secretary Ortega sent an email to the Commonwealth's school districts that read, in pertinent part:

> Earlier this week, Governor Tom Wolf announced that on January 17, 2022, it is anticipated that the Commonwealth's K-12 school mask requirements will return to local control. Upon the expiration of the statewide mandate, schools may continue requiring mask-wearing based on local policy and [Centers for Disease Control (CDC)] guidance.

*See* Petitioners' Application for Summary Relief at 5-6.[11] Following our Supreme Court's affirmance of this Court's determination by order dated December 10, 2021,

---

[8] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102-1602, and 45 Pa.C.S. §§ 501-907.

[9] Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1-745.15.

[10] *See supra* note 2.

[11] We observe that the purported link contained in the Petition for Review to this communication from Secretary Ortega to the School District Respondents (https://www.governor.pa.gov/newsroom/gov-wolf-state-anticipates-returning-k-12-mask-requirement-to-local-leaders%e2%80%afjanuary-17-2022) is not a valid link. *See* Petition for Review at 17 n.2.

5

Secretary Ortega sent a second email to the Commonwealth's school districts, this time stating, in pertinent part:

> School entities still possess the authority and are encouraged to require masks in their facilities as recommended by [the] CDC. Masking in school settings minimizes the spread of COVID-19, particularly in settings where individuals and students are not vaccinated, and allows for reduced quarantining to keep individual students and staff in school.
>
> Finally, the elimination of the statewide PreK-12 school mask requirement **does not** change how schools respond to COVID-19 cases in school, address outbreaks, or report data to the PA Department of Health (DOH). Schools should continue to refer to the guidance [provided by the DOH].

Petition for Review, Exhibit B (emphasis in original).

On February 8, 2022, Petitioners filed the Petition for Review in this Court's original jurisdiction. The Petition for Review suggests that the School District Respondents implemented masking policies for students, staff, and the general public in their schools in response to Secretary Ortega's November 10, 2021 and December 10, 2021 emails (collectively, Secretary Ortega's emails). The Petition for Review further requests that this Court declare: (1) that Secretary Ortega erred by advising the School District Respondents that they could enact masking policies; and (2) that the Commonwealth's school districts lack the authority to implement mask mandates within their schools. *See* Petition for Review at 19-30.

On March 15, 2022, Petitioners filed Petitioners' Application for Summary Relief (Petitioners' SR Application). Thereafter, Carlynton School District and Fox Chapel Area School District jointly, and Pennsbury School District,

6

Stroudsburg School District, and Parkland School District individually, filed answers arguing that Petitioners' SR Application was premature and requesting that the Court defer consideration and disposition thereof until such time that it could consider Respondents' to-be-filed preliminary objections.[12]

On March 18, 2022, Carlynton School District and Fox Chapel Area School District jointly filed their preliminary objections to the Petition for Review. *See* "Preliminary Objections of Respondents, Carlynton School District and Fox Chapel Area School District, to Petition for Review in the Nature of a Complaint for Declaratory Relief" filed March 18, 2022 (Carlynton/Fox Chapel's Preliminary Objections) at 1-31. On March 21, 2022, Secretary Ortega and the remaining School District Respondents filed their own preliminary objections to the Petition for Review. *See* "Preliminary Objections of Respondent, Secretary of the Pennsylvania Department of Education, Noe Ortega to the Petition for Review" filed March 21, 2022 (Secretary Ortega's Preliminary Objections); "Preliminary Objections of [Respondent] Pennsbury School District to the [Petitioners'] Petition for Review" filed March 21, 2022 (Pennsbury's Preliminary Objections); "Preliminary Objections on Behalf of Respondent Stroudsburg Area School District to Petition for Review in the Nature of a Complaint for Declaratory Relief" filed March 21,

---

[12] Carlynton School District and Fox Chapel Area School District jointly filed their "Response in Opposition to Petitioner's [sic] Application for Summary Relief" on March 15, 2022; Pennsbury School District filed its "Response in Opposition to Petitioner's [sic] Application for Summary Relief" on March 17, 2022; Parkland School District filed its "Response in Opposition to Petitioner's [sic] Application for Summary Relief on Behalf of Respondent, Parkland School District" on March 18, 2022; Stroudsburg Area School District filed its "Response in Opposition to Petitioner's [sic] Application for Summary Relief on Behalf of Respondent Stroudsburg Area School District" on March 18, 2022; and Seneca Valley School District filed its "Response in Opposition to Petitioner's [sic] Application for Summary Relief" on March 21, 2022. Thereafter, on March 25, 2022, Secretary Ortega filed the "Answer of Respondent, Secretary of Pennsylvania Department of Education Noe Ortega, to Petitioners' Application for Summary Relief."

2022 (Stroudsburg's Preliminary Objections); "Respondent, Seneca Valley School District's Preliminary Objections and Suggestion of Mootness to Petition for Review in the Nature of a Complaint for Declaratory Relief" filed March 21, 2022 (Seneca Valley's Preliminary Objections); and "Respondent Parkland School District's Preliminary Objections to the Petition for Review in the Nature of a Complaint for Declaratory Relief" filed March 21, 2022 (Parkland's Preliminary Objections) (collectively, Respondents' Preliminary Objections and/or School District Respondents' Preliminary Objections, as appropriate).

In his preliminary objections, Secretary Ortega claims that Petitioners lack capacity to sue and this Court lacks subject matter jurisdiction over the Petition for Review because it cannot be shown that Secretary Ortega's emails caused the School District Respondents to implement their masking policies, which were in place well before Secretary Ortega's emails. *See* Secretary Ortega's Preliminary Objections at 4-6. Secretary Ortega's three additional preliminary objections demur because: (1) Section 510 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 5-510, allows local school boards to adopt reasonable rules and regulations to govern their respective school districts; (2) the School District Respondents developed and adopted their respective masking plans/guidelines as a requirement to receive funds under the federal American Rescue Plan Act of 2021, Pub. L. No. 117-2, well before Secretary Ortega sent the complained-of emails; and (3) Secretary Ortega's emails were not a mandate for the School District Respondents to implement mandatory masking requirements in their facilities, but instead were recognition that, in the absence of a valid state-wide order from the Secretary of Health, mitigation measures would revert back to the control of the individual school districts pursuant to their previously-developed

8

health and safety plans and the general provisions of the School Code. *See* Secretary Ortega's Preliminary Objections at 6-11.

Likewise, in their respective preliminary objections, the School District Respondents make various claims that echo the preliminary objections filed by Secretary Ortega, including: (1) that Secretary Ortega's emails were not mandates directing the School District Respondents to implement masking mandates; and (2) that the School Code allows school districts to adopt reasonable rules and regulations to govern their respective school districts. *See generally* School District Respondents' Preliminary Objections.

In addition to the preliminary objections filed, on March 21, 2022, Secretary Ortega filed an application for summary relief that argued that the instant matter is moot as a result of all the School District Respondents having either lifted their masking requirements entirely or revised their policies to require masking only in certain limited circumstances. *See* Secretary Ortega's Motion to Dismiss. Parkland School District filed a similar application for summary relief on its own behalf, also on March 21, 2022, that likewise argued the matter is moot as a result of Parkland School District having lifted its masking mandate. *See* Parkland's Motion to Dismiss.

The parties have filed appropriate answers, briefed, and presented oral argument regarding Petitioners' Application for Summary Relief, Secretary Ortega's Motion to Dismiss, Parkland's Motion to Dismiss, and Respondents' Preliminary Objections.[13] The matter is now ready for disposition.

---

[13] The Pennsylvania School Boards Association (Association) has submitted for this Court's consideration an *amicus curiae* brief on behalf of the School District Respondents in which the Association argues that the School Code empowers the School District Respondents with all necessary managerial powers to operate public schools and to determine appropriate policies relevant thereto, including masking policies.

## II. *Discussion*

### A. *Absence of Actual Controversy*

It is axiomatic that an actual case or controversy must exist at all stages of litigation and review, not merely when an action is commenced. *See Commonwealth v. Packer Twp.*, 60 A.3d 189, 192 (Pa. Cmwlth. 2012) (quoting *Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002)); *see also In re Gross*, 382 A.2d 116, 119 (Pa. 1978). "The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication." *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) (quoting *City of Philadelphia v. Se. Pa. Transp. Auth.*, 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007)) (additional quotation marks omitted). "It is well settled that the courts do not render decisions in the abstract or offer purely advisory opinions." *Id.* at 1035 (quoting *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005)). Accordingly, "[j]udicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract." *Id.* at 1035 (quoting *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 577 (Pa. 2003)) (additional quotation marks omitted).

Regarding declaratory judgments in particular, this Court has explained:

> [O]ne limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. Thus, the

10

Declaratory Judgments Act[14] requires a petition praying for declaratory relief to state an actual controversy between the petitioner and the named respondent.

*Brouillette v. Wolf*, 213 A.3d 341, 357 (Pa. Cmwlth. 2019) (internal citation omitted). Our Supreme Court has further explained that

> [t]he presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment.
>
> . . . .
>
> Only where there is a real controversy may a party obtain a declaratory judgment.
>
> A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Gulnac by Gulnac v. S. Butler Cnty. Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991) (internal citations omitted).

Here, Secretary Ortega's emails posited that, once the Acting Secretary of Health's masking mandate was no longer in effect, the school districts would retain the authority to implement masking requirements in their schools pursuant to many districts' health plans that were adopted well before Secretary Ortega sent the

---

[14] 42 Pa.C.S. §§ 7531-7541.

emails in question. Whether correct or incorrect,[15] the advice contained in the Secretary's emails was not an order, directive, requirement, or mandate requiring the School District Respondents to implement masking mandates within their schools.

In the absence of an actual controversy, this Court does not provide advisory opinions on laws passed by the General Assembly or on non-binding advice provided by the Secretaries of the Commonwealth's various Departments regarding those laws. Simply put, the emails are not agency orders reviewable by this Court. *Harris*; *Gulnac*; *Brouillette*.

### B. Mootness

Moreover, we agree with the argument contained in Secretary Ortega's Motion to Dismiss, Parkland's Motion to Dismiss, and the Preliminary Objections of the various School District Respondents that the instant matter is moot as a result of the School District Respondents having lifted entirely, or otherwise made optional, their masking requirements. *See* Secretary Ortega's Motion to Dismiss; Parkland's Motion to Dismiss; Carlynton/Fox Chapel's Preliminary Objections at 13-20; Pennsbury's Preliminary Objections at 3-9 (pagination supplied); Stroudsburg's Preliminary Objections at 2-4; Seneca Valley's Preliminary Objections at 11-13.[16]

---

[15] Given our determination herein that Secretary Ortega's emails contained no orders or directives with which the School District Respondents were required to comply, the accuracy of the advice contained in Secretary Ortega's emails, and indeed Secretary Ortega's power under the School Code to provide such advice in the first place, are questions that this Court need not address at this time.

[16] Although appearing as part of its Preliminary Objections, Seneca Valley School District's mootness argument is stated as a "Motion to Dismiss: Suggestion of Mootness." *See* Seneca Valley's Preliminary Objections at 11.

Pennsylvania Rule of Appellate Procedure 1972(4) allows a party to move for dismissal for mootness of an action during litigation. *See* Pa.R.A.P. 1972(4). "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *J.J. M. v. Pa. State Police*, 183 A.3d 1109, 1112 (Pa. Cmwlth. 2018) (quoting *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770 (Pa. Cmwlth. 2010)); *see also Szabo v. Dep't of Transp.*, 212 A.3d 1168, 1172 (Pa. Cmwlth. 2019) ("A case is moot when a determination will not have any practical effect on the existing controversy."). Thus, when changes in the facts or law after commencement of an action "deprive the litigant of the necessary stake in the outcome[,]" an action becomes moot. *Packer Twp.*, 60 A.3d at 192 (quoting *Gross*, 382 A.2d at 119) (additional quotation marks omitted). Likewise, if a change in facts or law renders it impossible for a court to grant relief, then the action also becomes moot. *Gross*, 382 A.2d at 120. As our Supreme Court has explained:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome.

*Pap's A.M.*, 812 A.2d at 599-600 (quoting *In re Cain*, 590 A.2d 291, 292 (Pa. 1991)).

However, in cases where an appeal is technically moot, a court may still proceed to address the merits of a claim "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." *Sierra Club v. Pa. Pub. Util. Comm'n*, 702 A.2d 1131, 1134 (Pa. Cmwlth.

13

1997) (*en banc*), *aff'd*, 731 A.2d 133 (Pa. 1999). "[A]n issue is capable of repetition but will likely evade review where [(1)] the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration; and [(2)] there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 269 (Pa. Cmwlth. 2018) (internal quotation marks, ellipses, and brackets omitted). As has been observed,

> [i]t is the burden of the moving party to establish that the issue is "capable of repetition yet evading review." "Capable of repetition" is not a synonym for "mere speculation;" it is a substantive term on which the moving party must provide a reasonable quantity of proof–perhaps even by the preponderance of the evidence.

*N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 33 (3d Cir. 1985).

The Third Circuit Court of Appeals has recently found moot a case involving facts similar to the instant matter. *See Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 229 (3d Cir. 2021), *cert. denied sub nom. Butler Cnty. v. Wolf*, 142 S. Ct. 772 (2022). In *County of Butler*, the petitioners sought a declaratory judgment regarding emergency measures implemented between March and July of 2020 by Governor Wolf and Pennsylvania's Secretary of Health in response to the declared public health emergency occasioned by COVID-19. By the time the Third Circuit heard the matter, the underlying facts had fundamentally changed as follows:

> While the appeal was pending, circumstances changed. On the health front, society has learned more about how COVID-19 spreads and the efficacy of masks, therapeutics have been developed, and vaccines have been

14

> manufactured and distributed. In fact, more than 60% of Pennsylvanians have received a COVID vaccine.
>
> There also have been changes on the legal front. An amendment to the Pennsylvania Constitution and a concurrent resolution of the Commonwealth's General Assembly now restricts the Governor's authority to enter the same orders. In addition, the challenged orders have expired by their own terms.

*Cnty. of Butler*, 8 F.4th at 230 (internal citations omitted). Under these circumstances, the Third Circuit determined that the matter was moot and that the "capable of repetition yet evading review" mootness exception did not apply. *See id.* at 230-31. The Third Circuit noted that, for "capable of repetition yet evading review" mootness to apply, "[t]here must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability." *Id.* at 231. The Third Circuit then found that a mere observation by the petitioners that the Secretary of Health still claimed the power to issue future orders akin to the then-expired challenged orders did not satisfy the dual requirements that the duration of the challenged action be too short to be fully litigated prior to its cessation or expiration and that a reasonable expectation exists that the same complaining party will be subjected again to the same action. *See id.*

While not binding authority on this Court, the Third Circuit's reasoning in *County of Butler* is persuasive regarding the facts of the instant case. Here, although the School District Respondents did have mask mandates in place at the commencement of this litigation, all parties agree that none of the School District Respondents currently mandate or otherwise require the wearing of masks by students, staff, or members of the general public in any of their schools. *See*

15

Petitioners' Application for Summary Relief at 7-9. While some of the School District Respondents continue to recommend that individuals wear facemasks within their facilities, all such policies currently make mask wearing optional and leave the determination of whether to wear a mask with each individual upon entering the School District Respondents' facilities. *See id.* In short, there remain no active mask mandates to challenge. As a consequence of these developments, there is no relief that this Court can grant regarding either Secretary Ortega's emails or the School District's now-withdrawn mask mandates. Accordingly, this case is moot. *Pap's A.M.*; *Gross*; *Packer Twp.*

Further, as in *County of Butler*, Petitioners' notation of the fact that the Commonwealth's Secretary of Education and/or the School District Respondents retain the power to reinstitute mask mandates within schools does not satisfy the elements of the "capable of repetition yet evading review" test. The mask mandates in question in this matter have not been in effect in the School District Respondents' schools for more than half a year. The current availability of effective vaccines, the CDC's widespread abandonment of masking recommendations for non-high-risk individuals, and the trajectory of the COVID-19 pandemic in terms of the decreasing virulence of successive variants all suggest that fears of a return to masking requirements are more hypothetical speculation than concrete likelihood. *See Cnty. of Butler*, 8 F.4th at 231. As such, any declaratory judgment rendered by this Court on this question at this stage of the pandemic would effectively amount to a "determin[ation of] rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion [regarding the parameters of Section 510 of the School Code, 24 P.S. § 5-510,] which may prove to be purely academic." *Gulnac*, 587 A.2d at 701. Accordingly, the

16

matter remains moot and the "capable of repetition yet evading review" mootness exception does not apply.  *Cnty. of Butler*; *Gulnac*.  Thus, even if Secretary Ortega's emails presented agency orders reviewable by this Court, which they do not for the reasons stated *supra*, we would determine the matter to be non-reviewable as moot.

## III. *Conclusion*

The advice contained in the Secretary's emails was not an order, directive, requirement, or mandate requiring the School District Respondents to implement masking mandates within their schools.  As such, no agency order exists for this Court to review.  Therefore, we sustain Respondents' preliminary objections to the extent they argue this Court lacks jurisdiction for want of a reviewable order.

Further, for the reasons discussed herein, the claims raised by the Petition for Review are moot.  Accordingly, we also grant Secretary Ortega's Motion to Dismiss, Parkland School District's Motion to Dismiss, and sustain the preliminary objections of the remaining School District Respondents relating to the mootness of Petitioners' claims and dismiss the Petition for Review.[17]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[17] Because we sustain the jurisdiction-based preliminary objections and grant/sustain the various motions to dismiss and the mootness-based preliminary objections and dismiss the Petition for Review on these grounds, we dismiss Petitioners' Application for Summary Relief as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| R.M., individually and on behalf of minor child M.M., B.C., individually and on behalf of his minor child D.R.B.C., C.A., individually and on behalf of minor child F.J.A., K.Y., individually and on behalf of Minor children B.Y. and R.Y., A.H., individually and on behalf of minor child A.P.T., S.T., individually and on behalf of minor child A.M.T., N.J., individually and on behalf of minor children J.J. and J.K., M.L, individually and on behalf of minor children C.L., K.L.L., P.J.L., E.M., individually and on behalf of minor children L.M., L.M., Q.M. and F.M., Petitioners | : : : : : : : : : : : : : : : : : : |  |
| v. | : : : |  |
| Secretary of the Pennsylvania Department of Education Noe Ortega, Pennsbury School District, Fox Chapel Area School District, Stroudsburg Area School District, Parkland School District, Carlynton School District and Seneca Valley School District, Respondents | : : : : : : : : : : | No. 49 M.D. 2022 |

## O R D E R

AND NOW, this 1st day of December, 2022, the jurisdiction-based and mootness-based Preliminary Objections to the Petition for Review filed on behalf of each of the individual Respondents are SUSTAINED. Secretary Ortega's

Application for Summary Relief in the Form of a Motion to Dismiss the Petition for Review is GRANTED. Parkland School District's Application for Relief in the Form of a Motion to Dismiss the Petition for Review is GRANTED. Petitioners' Application for Summary Relief is DISMISSED as moot. Petitioners' Petition for Review in the Nature of a Complaint for Declaratory Relief is DISMISSED.

 

 

 

_____
CHRISTINE FIZZANO CANNON, Judge